UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ERIC HOUSTON,

      Plaintiff,

v.                              Case No. 3:14cv382/MCR/CJK

B. HACLLENBUCH, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's civil rights complaint filed pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. 1). Upon review of the complaint, it is apparent venue is not proper in the Northern District of Florida. Accordingly, this case should be transferred.

Plaintiff is an inmate currently housed at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"). (Doc. 1, p. 2). Plaintiff is alleging officials from USP Lewisburg and the Department of Justice have interfered with his mailing rights in violation of the First Amendment. (*Id.*, p. 2, 4, 6). Plaintiff asserts that his ability send and receive mail is unfairly restricted. (*Id.*, 5-6). Plaintiff seeks monetary damages and injunctive relief. (*Id.*, p. 9).

Venue for federal civil actions brought against defendants who are officers or employees of the United States is governed by 28 U.S.C. § 1391(e)(1), which provides:

A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

28 U.S.C. 1391(e)(1).   Furthermore, 28 U.S.C. § 1404 provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer an action pursuant to § 1404(a) is left to the "sound discretion of the district court and is reviewable only for an abuse of that discretion." *Roofing & Sheeting Metal Serv. v. La Quinta Motor Inns*, 689 F.2d. 982, 985 (11th Cir. 1982). "A district court may *sua sponte* transfer a civil action to any other district where it might have been brought if doing so will be convenient for the parties and witnesses and serve the interest of justice." *Nalls v. Coleman Low Fed. Inst.*, 440 Fed. App'x 704, 706 (11th Cir. 2011); *Robinson v. Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation.").

In analyzing the issue of proper venue in the context of motions to dismiss under the federal doctrine of *forum non conveniens*, courts have looked to certain factors set forth by the United States Supreme Court relating to the private interest of

the litigants and the public interest in the fair and efficient administration of justice. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09, 67 S. Ct. 839, 843, 91, L. Ed. 1055 (1988), *superseded by statute on other grounds as explained in Am. Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2, 114 S. Ct. 981, 986 n.2, 127 L. Ed. 2d 285 (1994)[1]; *accord Cowan v. Ford Motor Co.*, 713 F.2d 100, 103 (5th Cir. 1983).[2] While forum non conveniens would not apply in a case such as this where there exists an alternative federal forum in which this case could have been brought and to which this case may be transferred, the factors enunciated in *Gilbert*, which provide the

---

[1] In *American Dredging*, the Court explained:

> *Gilbert* held that it was permissible to dismiss an action brought in a District Court in New York by a Virginia plaintiff against a defendant doing business in Virginia for a fire that occurred in Virginia. Such a dismissal would be improper today because of the federal venue transfer statute, 28 U.S.C. § 1404(a): "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." By this statute, "[d]istrict courts were given more discretion to transfer . . . than they had to dismiss on grounds of forum non conveniens." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253, 102 S. Ct. 252, 264, 70 L. Ed. 2d 419 (1981). As a consequence, the federal doctrine of forum non conveniens has continuing application only in cases where the alternative forum is abroad.

*American Dredging*, 510 U.S. at 449 n.2.

[2] In *Cowan*, the Fifth Circuit explained the proper applicability of the doctrine of forum non conveniens in light of the enactment of 28 U.S.C. § 1404(a):

> Section 1404(a) superseded the common law doctrine of forum non conveniens insofar as transfer to another federal district court is possible. As the Supreme Court pointed out in *Norwood v. Kirkpatrick*, "the harshest result of the application of the old doctrine of forum non conveniens, dismissal of the action, was eliminated by the provision in § 1404(a) for transfer." 349 U.S. 29, 32, 75 S. Ct. 544, 546, 99 L. Ed. 789 (1955).

*Cowan*, 713 F.2d at 103 (additional citations omitted).

basis for a court's analysis of the relative fairness and convenience of two alternative forums, are helpful in determining whether to effect a change in venue under section 1404(a).

The factors set forth in *Gilbert* are as follows:

> [i]mportant considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all of the practical problems that make trial of a case easy, expeditious and inexpensive. . . . Factors of public interest also have [a] place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation . . . .

*Gilbert*, 330 U.S. at 508–09.

Here, plaintiff is claiming interference with his mailing rights at USP Lewisburg. The acts or occurrences forming the basis of the complaint occurred in Lewisburg, Pennsylvania, which is located in the jurisdiction of the United States District Court for the Middle District of Pennsylvania. Thus, attendance of witnesses and availability of sources of proof favor a transfer there. Moreover, the Northern District of Florida appears to have no relation to the litigation at issue. Neither the private interest of the litigants nor the public interest in the administration of justice is even minimally advanced by venue being maintained in this district.[3] Therefore, in the interest of justice, this action should be transferred to the United States District

---

[3] Although Plaintiff's choice of forum is ordinarily given consideration, *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955), "where the operative facts underlying the cause of action did not occur within the forum chosen by Plaintiff, the choice of forum is entitled to less consideration." *Windmere Corp. v. Remington Prod., Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985) (citations omitted).

Court for the Middle District of Pennsylvania.[4]

Accordingly, it is respectfully RECOMMENDED:

1.      That the clerk of court transfer this case to the United States District Court for the Middle District of Pennsylvania, and close the file in this case.

At Pensacola, Florida, this 15th day of October, 2014.


/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**



## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

---

[4] Plaintiff Houston filed another civil rights complaint in this court relating to his incarceration.  *See Houston v. McCullah et al.,* 3:14cv381.  That case has also been transferred to the United States District Court for the Middle District of Pennsylvania.

*Case No. 3:14cv382/MCR/CJK*